<em>Demandant nonsuit.</em>

---

## Louis Boutelle *versus* Laban M. Wheaton.

Where the defendant signed a promissory note and put it into the hands of the plaintiff for the purpose of getting it indorsed by the promisee and then paying with it a debt due from the promisee to a stranger, on the condition however that the plaintiff should procure a certain chattel of the promisee and hold it for the defendant's use, but the plaintiff paid the debt with his own funds and took the note himself as indorsee and procured the chattel of the promisee but afterwards restored it to him, it was *held,* in an action by the plaintiff against the defendant on the note, that the plaintiff had not complied with the condition, and that such non-compliance would not merely go in diminution of the plaintiff's claim for damages or give the defendant an action of trover against him for the chattel, but that it was a defence to the action on the note.

Assumpsit by the plaintiff as the indorsee against the defendant as the maker of a promissory note for $125. Trial upon the general issue.

It appeared in evidence, that one Daniel Rogers junior was in prison on execution at the suit of one Ball, for about $1400, and that Ball had agreed to discharge him for $125. The plaintiff offered Ball the note now in suit, which he declined taking ; but he offered to take the plaintiff's own note for the same sum, which the plaintiff afterwards gave, payable in ninety days, and Ball discharged his demand against Rogers. The plaintiff's note to Ball was paid at maturity.

The defence was, that the note was signed by the defendant and placed in the hands of the plaintiff as agent to get it indorsed by Rogers, and then to deliver it to Ball in satisfaction of Rogers's debt, but that this was to be done only upon the condition, that before parting with the defendant's note, the plaintiff should procure Rogers's watch and hold it for the defendant's use ; whether as collateral security, or in satisfaction in whole or in part, did not appear. It was proved, however, that a note of even date and amount with the note in suit, was drawn up in the defendant's handwriting, to be signed by Rogers, and was signed by Rogers and left in the custody of the plaintiff, who produced it at the trial and held it in readiness for the defendant, if he would receive it. It was testified, that the plaintiff had the watch in his possession and that he gave it to Rogers's father, who said his son had agreed with the defendant to pay the note in suit, and he wanted the watch.

The counsel for the plaintiff contended, 1. that if the note was delivered upon a condition to procure the watch and note, and hold them for the defendant, and the condition was complied with, if the plaintiff should not deliver the note and watch on demand, although it might lay the ground for an action of trover, it would afford no defence to this action : — 2. That if the watch was taken by the plaintiff for the defendant's benefit, but was converted to his own use, and that fact could avail the defendant at all in this action, it would go only to the damages, and the plaintiff would still have a right to recover the difference between the face of the note and the value of the watch.

*Shaw* C. J. instructed the jury, that the plaintiff must be taken to be an indorsee with notice of the circumstances

under which the note was made ; that if the note was originally delivered by the defendant to the plaintiff as the common agent between him and Rogers, to get it indorsed and then to deliver it to Ball in discharge of his claim against Rogers, on a condition imposed by the defendant, that it should not be so negotiated unless the plaintiff procured the watch of Rogers to hold for the use of the defendant, the plaintiff would be bound by such condition, and would have no right to part with the note without procuring and holding the watch ; and further, if the plaintiff himself paid Rogers's debt to Ball and claimed to hold the note as indorsee and owner thereof in his own right, he would be bound by the same condition and could not recover the amount of the note without a compliance with the condition ; that the defendant would not be left merely to his action of trover for the watch, but the non-compliance with the condition went to the cause of action and would defeat the plaintiff's right to recover.

The verdict was for the defendant ; and the plaintiff moved to set it aside, on account of misdirection, and because it was against the weight of the evidence.

*Austin* (Attorney-General) for the plaintiff.                *March 8th.*
*Morey* for the defendant.

PUTNAM J. delivered the opinion of the Court. [After *March 18th* stating the reasons why the verdict should not be set aside as being against the weight of the evidence, he proceeded :—] We are then to consider the note as having been made and deposited in the hands of the plaintiff, to become operative and be put into circulation, after he should have procured the watch of Daniel Rogers junior, for the defendant.

The plaintiff then takes a ground inconsistent with his first, and contends that if there was a condition, he has performed it ; that he did procure the watch from Daniel Rogers junior for the defendant, and held it for him for some time, and thereby the note became valid ; and if he (the plaintiff) afterwards redelivered it to Daniel Rogers junior, it would not vacate the note, but would give the defendant a right of action for the watch, or the value of the watch (to be assessed by the jury) should be deducted from the note.

Boutelle
*v.*
Wheaton.

We think the plaintiff is not in a situation to avail him-self of these positions. It would be taking advantage of his own wrong. The note was not to be valid unless the defendant had the watch. If the chief justice had charged the jury as the counsel for plaintiff contends the charge should have been, the Court would have given efficacy to the note upon terms never assented to on the part of the defendant. The defendant was willing to give his note for $125, for the watch. The jury might have found that the watch was not worth one half the money. The difference or balance, then, would be paid for nothing at all.

If the plaintiff had negotiated the note to an innocent purchaser without notice, other considerations would apply. But he cannot himself by law compel payment of the note by the defendant, and turn him round to seek his remedy by an action of trover or otherwise, as he might be able to en-force it. The defendant stipulated for the watch, and not for the value of it or for a lawsuit.

We think the case should stop here, as the plaintiff has delivered the watch to Daniel Rogers junior, instead of the defendant. We think that as between these parties the note is not to be enforced at law against the defendant.

For these reasons the Court are all of opinion, that the judgment should be rendered according to the verdict, for the defendant.